IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN KEITH, | ) | CASE NO. 1:13CV1718 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| CHRISTOPHER LaROSE, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

On August 8, 2013, Petitioner Kevin Keith ("Petitioner" or "Keith"), through counsel, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. In response, on August 22, 2013, Respondent Christopher LaRose ("Respondent") filed a motion to transfer Keith's petition to the Sixth Circuit Court of Appeals arguing that the petition is successive, which requires Keith to obtain permission from the Sixth Circuit in order to proceed in this Court. Doc. 7, p. 1. Keith argues that his petition is not successive because his current claims were not raised in his initial habeas petition and have never been litigated before. Doc. 8, p. 1.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. For the reasons set forth below, the undersigned recommends that Respondent's Motion to Transfer (Doc. 7) be **GRANTED**.

**I. Procedural Background**

   A. State convictions

On February 15, 1994, Keith was arrested and subsequently indicted on three counts of aggravated murder and three counts of attempted aggravated murder. *State v. Keith*, 3-94-14,

1

1996 WL 156710 (Ohio Ct. App. Apr. 5, 1996) *aff'd,* 1997-Ohio-367, 79 Ohio St. 3d 514, 684 N.E.2d 47 (1997). After a jury trial, on May 26, 1994, Keith was convicted on all charges set forth in the indictment. *Id.*, Doc. 1, p. 1. On June 1, 1994, the trial court accepted the jury's recommendation that Keith be sentenced to death on the three counts of aggravated murder. *Keith,* 1996 WL 156710, Doc. 1, p. 1. In addition, the trial court sentenced Keith to consecutive terms of seven to twenty-five years on each of the three counts of attempted aggravated murder. *Id.*

On April 5, 1996, the Ohio Third District Court of Appeals affirmed the convictions and sentence. *Id.* On October 1, 1997, the Ohio Supreme Court affirmed the same.[1] *State v. Keith,* 79 Ohio St.3d 514, 684 N.E.2d 47, 52-54 (1997). On September 2, 2010, Governor Ted Strickland commuted Kevin Keith's death sentence to a life sentence. Doc. 1, p. 1.

**B. Federal Habeas Petitions**

    **1. Keith's 1999 Habeas Petition ("First Petition")**

On September 3, 1999, Keith filed his first habeas petition under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio challenging his 1994 conviction and sentence for aggravated murder and attempted aggravated murder. Case 1:99CV657, at Doc. 11, *State v. Keith,* 1997-Ohio-367, 79 Ohio St. 3d 514, 684 N.E.2d 47, 52 (1997). Keith alleged nine grounds for relief. Case 1:99CV657. This Court (District Judge Peter C. Economus) denied all nine grounds on June 14, 2001. *Id.* at Doc. 63. A Certificate of Appealability ("COA") was

---

[1] Keith made multiple requests for post-conviction relief in state court which will not be detailed here in the interest of judicial economy. *E.g., State v. Keith,* 1997-Ohio-367, 79 Ohio St. 3d 514, 684 N.E.2d 47 (1997); *State v. Keith,* 2008-Ohio-741, 176 Ohio App. 3d 260, 891 N.E.2d 1191 (2008); *Keith v. Ohio,* 560 U.S. 939, 130 S. Ct. 3355, 176 L. Ed. 2d 1245 (2010).

2

issued on three questions, each involving the penalty phase. *Keith v. Bobby,* 551 F.3d 555, 556 (6th Cir. 2009). The Sixth Circuit Court of Appeals affirmed the denial of relief. *Keith v. Mitchell*, 455 F.3d 662, 665 (6th Cir. 2006).

### 2. Keith's 2008 Habeas Petition ("Second Petition")

On July 11, 2008, Keith filed a second petition with the Northern District of Ohio for a writ of habeas corpus under §2254, again challenging his 1994 conviction for aggravated murder and attempted aggravated murder. Case 1:08CV1687 at Doc. 1. In that case, this Court (Judge Economus) held that Keith's petition was second or successive and transferred the case to the Sixth Circuit for a determination as to whether Keith should be permitted to file the petition under 28 U.S.C. § 2244(b). *Id.* at Doc. 18, p. 1-2. On January 13, 2009, the Sixth Circuit denied Keith permission to file his petition. *Keith*, 551 F.3d at 559. In denying the petition, the Sixth Circuit stated, "Keith has not made the prima facie showing that permits us, under [the Antiterrorism and Effective Death Penalty Act of 1996] ("AEDPA"), to authorize a second or successive habeas corpus application." *Id.*

On January 26, 2009, Keith returned to the District Court and filed a Rule 59(e) motion to alter or amend the judgment by reconsidering whether his 2008 petition was second or successive. Case 1:08CV1687 at Doc. 9. On June 24, 2009, the Court denied Keith's motion to alter or amend the judgment as time barred and, alternatively, on the merits but granted Keith a COA on both issues. *Id.* at Doc. 14, p. 1. Keith appealed the denial to the Sixth Circuit. *Id.* at 15. On August 3, 2010, the Sixth Circuit affirmed the decision of the district court denying Keith's motion to alter or amend judgment stating, "Because we conclude that Keith's Rule 59(e) motion was untimely, and because this court's order barred the district court from

3

reconsidering whether Keith's petition was 'second or successive,' we affirm the order of the district court." *Keith v. Bobby,* 618 F.3d 594 (2010).

### 3. Keith's Current Habeas Proceeding ("Third Petition")

On August 8, 2013, Keith, through counsel, initiated this case by filing his third habeas petition. Doc. 1. On August 22, 2013, Respondent moved to transfer Keith's petition to the Sixth Circuit as "second or successive." Doc. 7.

### II. Standard of Law

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Keith filed his habeas petition after the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA, 28 U.S.C. §2254 (hereinafter "§ 2254"), allow a prisoner in custody pursuant to the judgment of a state court to seek a writ of habeas corpus on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States. Under 28 U.S.C. §2244(b) (hereinafter "§ 2244"), a state prisoner seeking a writ of habeas corpus under §2254 may *not* file a second or successive habeas petition in district court unless it has been authorized[2] by a court of appeals. 28 U.S.C. §2244(b)(3)(A).[3]

---

[2] In order to obtain such authorization, the petitioner must make a prima facie showing that either: (1) a new rule of constitutional law applies to his case that the Supreme Court has made retroactive to cases on collateral review; or (2) there is a newly discovered factual predicate which, if proven, sufficiently establishes that no reasonable fact-finder would have found the applicant guilty of the underlying offense but for constitutional error. 28 U.S.C. § 2244(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006); *In re Clemmons,* 259 F.3d 489, 491 (6th Cir.2001).

[3] 28 U.S.C. §224(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Congress has not defined the term "second or successive," but the Supreme Court has made clear that not every numerically second petition is "second or successive" for purposes of AEDPA. *Slack v. McDaniel,* 529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Although §2244(b) specifies the treatment of second or successive petitions, courts defining "second or successive" generally apply abuse of the writ decisions, including those decisions that predated AEDPA. *Martinez-Villareal,* 523 U.S. at 643-45, 118 S.Ct. 1618 (considering "abuse of the writ" cases in determining whether petitioner's *Ford* claim is second or successive). In *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court explained the abuse of the writ doctrine:

> [I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground....Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay.

*Id.* at 18, 83 S.Ct. 1068. Under the abuse of the writ doctrine, a numerically second petition is "second" when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect. *McCleskey v. Zant,* 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

It is the district court's job to determine whether or not subsequent petitions are successive. *See In re Smith,* 690 F.3d 809, 810 (6th Cir. 2012) (holding that the district court must determine whether a petition is second or successive before it transfers the case to the court of appeals). If the petition is not successive, then the district court will rule on the merits. *Id.*

### III. Analysis

#### A. Keith's Third Petition is Second or Successive

Respondent argues that Keith's petition is successive because it is attacking the same judgment as his previous petitions. Doc. 7, p. 5. Specifically, Respondent argues that Keith is attacking his 1994 conviction for "triple homicide." Doc. 7, p. 5. Keith's current petition makes clear that he is attacking his 1994 conviction for aggravated murder and attempted aggravated murder, the same conviction he attacked in his 1999 and 2008 petitions. Doc. 1, p. 2.

A petition is considered a second or successive petition if "it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006), *citing McClesky v. Zant*, 499 U.S. 467, 489 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."); *see also In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007) (because all of petitioner's arguments could have been raised in his previous §2255 motion, the present motion at issue is a second or successive petition that requires authorization from the Court of Appeals); *In re Marsch*, 209 Fed. Appx. 481 (6th Cir. 2006) (a petition challenging the denial of parole that is filed subsequent to a petition challenging the underlying conviction was a second or successive petition because the petitioner could have discovered the factual predicate of his parole claim by the time he filed his first petition), *citing In re Siggers*, 132 F.3d 333, 338 (6th Cir. 1997) (prisoner's claim was successive because he could have discovered the factual predicate to the new claim at the time he filed his first petition).

6

Keith's first habeas petition in 1999 challenged his 1994 conviction. Among the nine grounds for relief that Keith brought were claims of ineffective assistance of trial counsel. In affirming the district court's denial of Keith's petition, the Sixth Circuit reviewed both the procedural issues and merits of those claims. Case 1:99-cv-00657 at Doc. 90, pp. 5-13. Accordingly, both the district court and the Sixth Circuit addressed the substantive issues presented in Keith's first petition.

In July 2008, Keith attempted to file a second petition challenging his 2004 conviction. Case 1:08-cv-01687 at Doc. 1. Keith brought two grounds for relief in his second petition. First, that newly discovered evidence exculpates Keith. *Id.* at 17. Second, Keith argued that he was actually innocent. *Id.* at p. 28. Judge Peter C. Economus ordered Keith's petition transferred to the Sixth Circuit pursuant to §2244(b)(3)(A). *Id*. at Doc. 6. Ultimately, the Sixth Circuit denied Keith's application to file a successive petition. *Keith*, 551 F.3d at 559.

In Keith's current petition, he attempts to bring four grounds for relief based on ineffective assistance of trial counsel. Doc. 1, pp. 44-60. Additionally, he attempts to bring a fifth ground for relief based on ineffective assistance of post-conviction counsel. *Id*. at p. 63. Specifically, he alleges that post-conviction counsel "failed to identify and present meritorious issues regarding the ineffective assistance of trial counsel." *Id.*

Keith does not argue that he could not have raised these claims in his first petition. Rather, in his response to Respondent's motion to transfer, Keith argues first that the claims "were not raised" (Doc. 8, p. 1) and second that the claims "were defaulted." Doc. 8, p. 4.

However, the Sixth Circuit reviewing the denial of Keith's 1999 habeas petition ("First Petition") specifically addressed the merits of Keith's ineffective assistance of trial counsel

7

claims.  Case 1:99-cv-00657 at Doc. 90, pp. 5-13.  Accordingly, both the district court and the Sixth Circuit addressed the substantive issues presented in Keith's first petition.

As Keith's Third Petition raises claims that either were or could have been raised in his First Petition, his Third Petition is successive.  *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006), *citing McClesky v. Zant*, 499 U.S. 467, 489 (1991); *In re Marsch*, 209 Fed. Appx. 481 (6th Cir. 2006).

*Martinez.*  Keith argues that his Third Petition is not second or successive because he was not required to file in his initial petition claims that were not ripe. Doc. 8, pp. 3-4.  Keith more specifically argues that his claims at the time of his initial petition were not ripe until 2012 when the Supreme Court created an exception in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), to the rule that ineffective assistance of counsel in a post-conviction proceeding does not provide cause for a procedural default.  Doc. 8, p. 3.

In *Martinez,* the Supreme Court considered "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." 132 S.Ct. at 1315. The Court had previously held in *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that "an attorney's negligence in a post-conviction proceeding does not establish cause" to excuse a procedural default. *Martinez,* 132 S.Ct. at 1319. Crafting a "narrow exception" to the rule in *Coleman,* the *Martinez* Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320.

8

Keith's case is distinguishable from *Martinez*. Keith's ineffective assistance of trial counsel claims were brought and reviewed on his direct appeal in state court and in several post-conviction proceedings, followed by habeas review on his First Petition in this Court in 1999 and in the Sixth Circuit. Doc. 1, pp. 17-25. Furthermore, the *Martinez* Court characterized its decision as an equitable ruling, not a new rule of constitutional law. *Buenrostro v. US*, 697 F.3d 1137, 1138 (9th Cir. 2012) (citing *Martinez* at 1319). As such, *Martinez* is not retroactively applicable. *Id.* at 1139. Accordingly, the limited *Martinez* holding does not support Keith's argument that his second or successive petition should be heard by this Court. *See In re Hartman*, No. 12-4255, slip op. at *4 (6th Cir. Nov. 8, 2012) (denying authorization to file a successive habeas petition, in part because "the Supreme Court has not determined that *Martinez* announced a new rule that should be retroactively available to cases on collateral review, as required by §2244(b)(2)(A)."); *Post v. Bradshaw*, 1:97 CV 1640, 2012 WL 5830468 at *12 (N.D. Ohio Nov. 15, 2012) (*Martinez*…[does] not stand for the proposition that if a habeas petitioner's post-conviction or habeas counsel was ineffective, that excuses any failure to meet AEPDA's requirements, or supports reopening a federal habeas case based upon evidence not in the record).

Based on the above, this Court lacks jurisdiction to consider Keith's successive habeas petition unless and until the Sixth Circuit provides authorization for review. 28 U.S.C. §2244(b)(3)(A).

### IV. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Respondent's Motion to Transfer Keith's Successive Petition to the Sixth Circuit (Doc. 7) be **GRANTED**. *In re Sims,*

9

111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Dated: February 6, 2014

Kathleen B. Burke
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).