UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kevin Keith,                                                              Case No. 1:13CV1718

          Petitioner,

   v.                                                                    MEMORANDUM OPINION
                                                          AND ORDER

Christopher LaRose,

          Respondent.

On August 8, 2013, Kevin Keith, who is represented by counsel, filed his habeas corpus petition under 28 U.S.C. § 2254. (Doc. No. 1). The respondent moved to transfer the petition to the United States Court of Appeals for the Sixth Circuit because the petition was successive. (Doc. No. 7). Keith filed a response to the motion (Doc. No. 8), and the respondent filed a reply. (Doc. No. 10).

The case was referred to Magistrate Judge Kathleen B. Burke for findings of facts, conclusions of law, and recommendations. The Magistrate Judge issued a report recommending the petition be transferred to the Sixth Circuit pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), because the petition is successive. (Doc. No. 14). Keith filed objections to the magistrate judge's report (Doc. 15), and the respondent filed a response. (Doc. 16). Upon de novo review, I adopt the Magistrate Judge's report and transfer the petition to the Sixth Circuit pursuant to *In re Sims*.

I must conduct a de novo review of those portions of the Magistrate Judge's report to which Keith objects. 28 U.S.C. § 636(b)(1). Because Keith has not objected to the Magistrate Judge's factual summary of the case as set forth on pages one through four of the report, I adopt the

1

Magistrate Judge's findings. The Magistrate Judge's uncontested summary of the case is as follows:

### A. State convictions

On February 15, 1994, Keith was arrested and subsequently indicted on three counts of aggravated murder and three counts of attempted aggravated murder. *State v. Keith*, 3-94-14, 1996 WL 156710 (Ohio Ct. App. Apr. 5, 1996) *aff'd*, 1997-Ohio-367, 79 Ohio St. 3d 514, 684 N.E.2d 47 (1997). After a jury trial, on May 26, 1994, Keith was convicted on all charges set forth in the indictment. *Id.*, Doc. 1, p. 1. On June 1, 1994, the trial court accepted the jury's recommendation that Keith be sentenced to death on the three counts of aggravated murder. *Keith*, 1996 WL 156710, Doc. 1, p. 1. In addition, the trial court sentenced Keith to consecutive terms of seven to twenty-five years on each of the three counts of attempted aggravated murder. *Id.*

On April 5, 1996, the Ohio Third District Court of Appeals affirmed the convictions and sentence. *Id.* On October 1, 1997, the Ohio Supreme Court affirmed the same. *State v. Keith*, 79 Ohio St.3d 514, 684 N.E.2d 47, 52-54 (1997). On September 2, 2010, Governor Ted Strickland commuted Kevin Keith's death sentence to a life sentence. Doc. 1, p. 1.

### B. Federal Habeas Petitions
#### 1. Keith's 1999 Habeas Petition ("First Petition")

On September 3, 1999, Keith filed his first habeas petition under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio challenging his 1994 conviction and sentence for aggravated murder and attempted aggravated murder. Case 1:99CV657, at Doc. 11, *State v. Keith*, 1997-Ohio-367, 79 Ohio St. 3d 514, 684 N.E.2d 47, 52 (1997). Keith alleged nine grounds for relief. Case 1:99CV657. This Court (District Judge Peter C. Economus) denied all nine grounds on June 14, 2001. *Id.* at Doc. 63. A Certificate of Appealability ("COA") was issued on three questions, each involving the penalty phase. *Keith v. Bobby*, 551 F.3d 555, 556 (6th Cir. 2009). The Sixth Circuit Court of Appeals affirmed the denial of relief. *Keith v. Mitchell*, 455 F.3d 662, 665 (6th Cir. 2006).

#### 2. Keith's 2008 Habeas Petition ("Second Petition")

On July 11, 2008, Keith filed a second petition with the Northern District of Ohio for a writ of habeas corpus under §2254, again challenging his 1994 conviction for aggravated murder and attempted aggravated murder. Case 1:08CV1687 at Doc. 1. In that case, this Court (Judge Economus) held that Keith's petition was second or successive and transferred the case to the Sixth Circuit for a determination as to whether Keith should be permitted to file the petition under 28 U.S.C. § 2244(b). *Id.* at Doc. 18, p. 1-2. On January 13, 2009, the Sixth Circuit denied Keith permission to file his petition. *Keith*, 551 F.3d at 559. In denying the petition, the Sixth Circuit stated, "Keith has not made the prima facie showing that permits us, under [the Antiterrorism and Effective Death Penalty Act of 1996] ("AEDPA"), to authorize a second or successive habeas corpus application." *Id.*

On January 26, 2009, Keith returned to the District Court and filed a Rule 59(e) motion to alter or amend the judgment by reconsidering whether his 2008

petition was second or successive. Case 1:08CV1687 at Doc. 9. On June 24, 2009, the Court denied Keith's motion to alter or amend the judgment as time barred and, alternatively, on the merits but granted Keith a COA on both issues. *Id.* at Doc. 14, p. 1. Keith appealed the denial to the Sixth Circuit. *Id.* at 15. On August 3, 2010, the Sixth Circuit affirmed the decision of the district court denying Keith's motion to alter or amend judgment stating, "Because we conclude that Keith's Rule 59(e) motion was untimely, and because this court's order barred the district court from reconsidering whether Keith's petition was 'second or successive,' we affirm the order of the district court." *Keith v. Bobby*, 618 F.3d 594 (2010).

### 3. Keith's Current Habeas Proceeding ("Third Petition")

On August 8, 2013, Keith, through counsel, initiated this case by filing his third habeas petition. Doc. 1. On August 22, 2013, Respondent moved to transfer Keith's petition to the Sixth Circuit as "second or successive." Doc. 7.

In his objections to the Magistrate Judge's report, Keith raises the following issues: 1) his third habeas corpus petition is not successive and is not an abuse of the writ; 2) the respondent has not met his burden of demonstrating an abuse of the writ; 3) the Magistrate Judge failed to apply the "cause and prejudice" principles of *McCleskey v. Zant*, 499 U.S. 467 (1991); 4) the Magistrate Judge erroneously characterized his argument as "he was not required to filed [sic] in his initial petition claims that were not ripe"; 5) the Magistrate Judge erroneously found he "raises claims that either were or could have been raised in his First Petition"; 6) the Magistrate Judge erred in concluding "Keith does not argue that he could not have raised these claims in his first petition"; 7) his case is not distinguishable from *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); 8) the Magistrate Judge erred in "finding that, by raising *any* ineffective assistance of trial counsel claims, Keith effectively raised *all* ineffective assistance of trial counsel claims in his 1999 habeas petition" (emphasis in original); 9) *Martinez* is retroactive; 10) the Magistrate Judge's analysis results in an unequal application of *Martinez*; and 11) the case should not be transferred to the Sixth Circuit.

Under 28 U.S.C. § 2244(b)(3), state prisoners, such as Keith, who are seeking to file a second or successive request for a writ of habeas corpus must move the applicable United States court of

3

appeals for an order authorizing the district court to entertain the second or successive petition. *In re Sims*, 111 F.3d at 46. The United States Supreme Court addressed this procedure in *Felker v. Turpin*, 518 U.S. 651, 664 (1996), stating:

> The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b). The Act also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners. But we have long recognized that "the power to award the writ by any of the courts of the United States, must be given by written law," *Ex parte Bollman*, 4 Cranch 75, 94, 2 L. Ed. 554 (1807), and we have likewise recognized that judgments about the proper scope of the writ are "normally for Congress to make." *Lonchar v. Thomas*, 517 U.S. 314, ----, 116 S. Ct. 1293, 1298, 134 L. Ed.2d 440 (1996).
> The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." In *McCleskey v. Zant*, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed.2d 517 (1991), we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *Id.*, at 489, 111 S. Ct., at 1467. The added restrictions which the Act places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a "suspension" of the writ contrary to Article I, § 9.

The Sixth Circuit held in *In re Sims* "that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court *shall* transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d at 47 (emphasis added).

The record establishes that Keith filed his first habeas corpus petition in 1999 with this Court. Judge Economus, after addressing the merits of the petition, denied the petition. On appeal, the Sixth Circuit affirmed the denial of Keith's petition. *Keith*, 455 F.3d at 665. Keith then filed a second habeas corpus petition with this Court. The petition was transferred to the Sixth Circuit

4

pursuant to *In re Sims*. The Sixth Circuit denied Keith permission to file his second habeas corpus with this Court. *Keith*, 551 F.3d at 556.

Keith has filed a third habeas corpus petition with this Court. Although Keith asserts his third habeas corpus petition is not a second or successive petition, the law is to the contrary. I am not authorized to consider the current habeas corpus petition because Keith's first petition was decided on the merits and the Sixth Circuit has not granted Keith permission to file his current petition with this Court. *See* 28 U.S.C. § 2244(b)(3); *see also White v. Carter*, 27 F. App'x 312, 313 (6th Cir. 2001); *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1998); *In re Sims*, 111 F.3d at 47. Therefore, the current petition must be transferred to the Sixth Circuit. *In re Sims*, 111 F.3d at 47.

## Conclusion

Accordingly, I adopt the Magistrate Judge's report and recommendation and transfer Keith's habeas corpus petition to the United States Court of Appeals for the Sixth Circuit pursuant to *In re Sims*, 111 F.3d at 47.

So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                  United States District Judge